DLD-169                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1939
_____

IN RE: BENJAMIN S. RICH,
                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:21-cr-00503-01)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 18, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: July 2, 2025)
_____

OPINION*
_____

PER CURIAM

Benjamin S. Rich has filed a pro se petition for a writ of mandamus compelling

the District Court to rule on his motion for sanctions and disciplinary action against his

former standby defense counsel. We will deny the petition.

Rich was indicted in 2021 on charges of conspiracy to commit bank fraud and

aggravated identity theft. Later that year, after several requests by Rich to proceed pro se,

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court appointed Isaac Wright, Jr., as pro bono standby counsel. The Government produced discovery to Wright. Rich later requested Wright's removal from his case, and in February 2024, the District Court relieved Wright as standby counsel. In May 2024, the Government filed a motion to dismiss the indictment, explaining that "further prosecution is not in the interests of the United States at this time." ECF No. 134 at 2. The District Court granted the motion shortly thereafter.

Several months later, Rich filed a motion to compel Wright to turn over the discovery provided by the Government, explaining that he needed the materials to "support civil claims under 42 U.S.C. § 1983." ECF No. 136 at 3. The District Court granted the motion, on the condition that it would also appoint counsel to review the file and redact all information subject to a protective order prior to providing the materials to Rich directly. Two months later, Rich filed a motion to compel appointed counsel's compliance with the District Court's order. The appointed attorney filed a response, explaining that he could neither redact nor share files he did not have, as the Government would not provide the discovery directly, and Wright had yet to produce the file despite multiple requests. On March 12, 2025, Rich filed a motion for sanctions and disciplinary action against Wright. The District Court has yet to rule on the motion. Rich has filed a petition for a writ of mandamus asking us to compel it to do so.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Rich must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per

2

curiam). While district courts have discretion over docket management, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We cannot conclude that the current delay in ruling on Rich's pending motion—just over three months at this point—constitutes a failure to exercise jurisdiction or warrants the extraordinary remedy of mandamus. We are confident that the District Court will issue a ruling in due course.

We will thus deny Rich's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay.